ELECTRONICALLY FILED - 2022 Mar 03 10:30 AM - YORK - COMMON PLEAS - CASE#2022CP4600685

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF YORK | ) | CIVIL ACTION NO.:  2022-CP-46- |
| | ) | |
| MICHAEL KALOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | *(Jury Trial Demanded)* |
| | ) | |
| CEDAR FAIR ENTERTAINMENT | ) | |
| COMPANY, CEDAR FAIR SOUTHWEST, | ) | |
| INC., d/b/a CAROWINDS, DYNAMIC | ) | |
| ATTRACTIONS, INC., and JOHN DOE 1 | ) | |
| AND 2, | | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff alleges:

1.       That on March 6, 2019, Plaintiff, was an employee of TechKnow Serve Corporation, a company in the business of performing safety inspections for various industries including the amusement industry.

2.       That the Defendant Cedar Fair Entertainment Company, is a foreign corporation in the business of operating amusement parts and does operate an amusement park in Fort Mill, South Carolina under the name of Carowinds.

3.       That the Defendant Cedar Fair Southwest, Inc., is a foreign corporation in the business of operating amusement parks and does operate an amusement park in Fort Mill, South Carolina under the name of Carowinds. (Cedar Fair Entertainment Company and Cedar Fair Southwest, Inc. will herein be referred to collectively as "Cedar Fair".)

4.       That the Defendant, Dynamic Attractions Inc., is a Delaware corporation in the business of maintaining amusement parks and does business in the State of South Carolina.

SCCA 401 (5/02)                                        2

EXHIBIT B

5.      That the Defendant, John Doe 1, is upon information and belief, a citizen of the State of South Carolina and was at all times pertinent to this action an employee of Cedar Fair.

6.      That the Defendant, John Doe 2, is, upon information and belief, a citizen of the State of South Carolina and at all times pertinent to this action an employee of Cedar Fair.

7.      That Cedar Fair contracted with TechKnow Serve to do among other work an inspection of the wire rope on one of its rides in Carowinds named referred to as a Mondial Windseeker.

8.      That Dynamic Attractions sub-contracted with Techknow Serve to do among other work an inspection of the wire rope on the Mondial Windseeker.

9.      That regular inspection of the wire rope on the Windseeker is necessary to ensure the safety of its operation for the guests of Carowinds.

10.     That Cedar Fair as the owner of Carowinds has a duty to ensure that inspections take place in an environment and under conditions that comply with the laws and regulations promulgated and/or adopted by the State of South Carolina.

11.     That on March 6, 2019, the Plaintiff was dispatched to Carowinds to inspect the wire rope on the Windseeker.

12.     That the employee(s) of Cedar Fair who normally accompanied the inspector during the inspection of the Windseeker were not available and John Doe 1 and John Doe 2 were designated to control the wire rope movement during the inspection.

13.     That the wire rope inspection process required Plaintiff with gloved hand to do a tactile inspection of the wire rope as it moved through his hand.

14.     That during the inspection the employees of Cedar Fair control the speed of the wire rope as it is being inspected.

ELECTRONICALLY FILED - 2022 Mar 03 10:30 AM - YORK - COMMON PLEAS - CASE#2022CP4600685

EXHIBIT B

ELECTRONICALLY FILED - 2022 Mar 03 10:30 AM - YORK - COMMON PLEAS - CASE#2022CP4600685

15.    That rather than move the wire rope at a safe speed for maintenance and inspection the John Doe 1 and John Doe 2 operated at a speed that caused Plaintiff's hand to be pulled into a pully which amputated his right hand.

16.    That the loss of Plaintiff's hand was due and proximately caused by the negligent and reckless conduct of the Defendants as set forth herein.

    a.   In failing to inform Plaintiff of the proper lock out tag out procedure for the inspection of the Windseeker.

    b.   In failing to follow the proper lock out tag out procedure for the inspection of the Windseeker.

    c.   In failing to train the employees assisting in the inspection on the proper procedures to inspect the Windseeker.

    d.   In failing to implement proper confined space protocols to ensure those operating in confined spaces could do so safely.

    e.   In failing to comply with the requirements of SC Code 41-15-210 - 220 and S.C. Regs 71-108 et. al.

    f.   In failing to move the wire rope at a speed that was safe and appropriate for wire rope inspection, with due consideration for the fact that in the inspection process, the wire rope was passing directly through Plaintiff's hand.

    g.   In failing to require that only trained and experienced operators control the speed of the wire rope during the inspection.

    h.   In failing to follow manufacturer's instructions on how to safely control the wire rope during the wire rope inspection.

    i.   In failing to have an emergency readiness in the event that Plaintiff suffered a medical emergency while inspecting the wire rope.

    j.   In failing to adopt, disseminate and enforce a written procedure to be followed by all personnel involved in wire rope inspection of the Windseeker ride.

EXHIBIT B

17.    That the loss of Plaintiff's hand has severely and permanently caused pain, suffering, mental anguish and the loss of enjoyment of life.  Further, Plaintiff has lost income and his earning capacity has been severely diminished.

WHEREFORE, plaintiff prays for judgment against the defendant for actual damages, together with punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

David L. Kwass, Esq.
Saltz Mongeluzzi & Bendesky, PC
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

-AND-

PETERS, MURDAUGH, PARKER, ELTZROTH
& DETRICK, P.A.

BY:        *s/Ronnie L. Crosby*
           Ronnie L. Crosby
           Bar No.: 66481
           101 Mulberry Street, East
           Hampton, SC 29924
           (803) 943-2111
           ATTORNEYS FOR PLAINTIFF

March 3, 2022

ELECTRONICALLY FILED - 2022 Mar 03 10:30 AM - YORK - COMMON PLEAS - CASE#2022CP4600685

EXHIBIT B