

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| MICHAEL KALOS,  §<br>　　　　　Plaintiff,　　§<br>　　　　　　　　　　§<br>vs.　　　　　　　　§　　CIVIL ACTION NO. 0:22-1114-MGL<br>　　　　　　　　　　§<br>CEDAR FAIR SOUTHWEST, INC.,　§<br>*d/b/a Carowinds*, CRAIG KENNINGTON,　§<br>and TIM BENZ,　　　§<br>　　　　　Defendants.　§ | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND**

## I.    INTRODUCTION

Plaintiff Michael Kalos (Kalos) filed this negligence lawsuit against Defendant Cedar Fair Southwest, Inc., doing business as Carowinds (Carowinds), as well as Defendants Craig Kennington (Kensington) and Tim Benz (Benz), two employees of Carowinds (collectively, Defendants).

Pending before the Court is Kalos's Fed. R. Civ. P. 59(e) motion to alter or amend judgment. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of this Court Kalos's Rule 59(e) motion will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

Carowinds "contracted with Dynamic Attractions to do, among other work, an inspection of the wire rope on one of its rides in Carowinds named . . . [the] Windseeker." Amended Complaint ¶ 6. The quote Dynamic Attractions provided to Carowinds for the job lists a visual inspection. *See*

Hutchinson Deposition, Exhibit 1 ("Windseeker Visual Cable Inspection[ ]").  "As contractor[,] Dynamic Attractions had a duty to ensure . . . the inspection of the Wind[s]eeker was done in a safe manner and in compliance with the laws and regulations of the State of South Carolina."  Amended Complaint ¶ 6.

"Dynamic Attractions sub-contracted with Tech[K]now Serve [(TechKnow)] to do[,] among other work[,] an inspection of the wire rope on the . . . Windseeker." *Id*. ¶ 7.  "[O]n March 6, 2019, [Kalos] was dispatched to Carowinds to inspect the wire rope on the Windseeker." *Id*. ¶ 10.  Carowinds employees Kensington and Benz "were designated to control the wire rope movement during the inspection." *Id*. ¶ 11.

"[D]uring the inspection[,] the employees of [Carowinds] control the speed of the wire rope as it is being inspected." *Id*. ¶ 13.  Kalos alleges, "rather than move the wire rope at a safe speed for maintenance and inspection [Kensington and Benz] operated at a speed that caused [Kalos's] hand to be pulled into a pully which amputated his right hand." *Id*. ¶ 14.  According to Kalos, "the loss of [Kalos's] hand was due and proximately caused by the negligent and reckless conduct of [Carowinds]." *Id*. ¶ 15.

Twenty-eight days after the Court granted Defendants' motion for summary judgment, Kalos filed this Rule 59(e) motion to alter or amend judgment.  Thereafter, Defendants filed their response in opposition and then Kalos filed his reply in support.  The Court, having been briefed on the relevant issues, will now adjudicate Defendants' motion.

**III.    STANDARD OF REVIEW**

"A Rule 59(e) motion is discretionary [and] . . . need not be granted unless the district court finds . . . there has been an intervening change of controlling law, . . . new evidence has become available, or . . . there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).  It is an extraordinary remedy that should be applied sparingly. *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir.1997).

Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted)).

**IV.    DISCUSSION AND ANALYSIS**

    ***A.    Whether the Court clearly erred by making findings on issues of law and fact Defendants allegedly failed to make in their motion for summary judgment***

Kalos contends "[t]he Order should not have made precise findings on issues of law and fact that were not raised by Defendants in their initial memorandum with clarity and specificity." Kalos's Motion at 1 (emphasis omitted).  According to Kalos, "[t]here are four issues within the Court's Order that require clarification or were not sufficiently argued in the Defendants' initial memorandum with requisite specificity.  These issues appear to be raised by the Order for the first time with any real precision." *Id*. at 2.

Defendants counter that "[t]he Court did not create its own issues when it so found because the issues of duty and proximate cause were addressed by both Defendants and Plaintiff in their briefs. . . .  The Court did not reframe the questions presented or raise an issue sua sponte." Defendants' Response at 3.

3

The Court agrees with Defendants. First, the Court rejects the notion it raised any issues on its own. And second, "a court is not hidebound by the precise arguments of counsel[.]" *United States v. Sineneng-Smith*, 590 U.S. 371, 380 (2020).

In other words, it is unnecessary for a judge to put on blinders, ignoring all she knows about a certain area of the law, before ruling on a motion. Surely, absent here is any argument by Kalos the Court should put its imprimatur on his negligence claim, without any evidence to support it, just because Defendants failed to develop a particular argument.

> **B.     Whether the Court clearly erred in its determination Kalos failed to establish the duty element of his negligence claim against Defendants**

Kalos argues "[t]he Order's finding of no duty based on Carowinds' purported lack of control over Kalos is in error[.]" Kalos's Motion at 8. Defendants, of course, disagree.

Kalos gives three reasons why he thinks the Court erred. "First," Kalos maintains, he "is not alleging . . . Carowinds is liable for any negligent conduct [caused by] his former employer, [TechKnow], or the general contractor, Dynamic Attractions, or that Carowinds was negligent in selecting Dynamic Attractions." *Id*. Instead, "Kalos is alleging . . . Carowinds is liable for its own negligence in failing to (1) warn him as a business invitee of the dangers of the Windseeker's sheave apparatus, (2) provide a safe place for him to inspect the apparatus, and (3) guard against the hazard (for example, by operating the wire rope at its lowest possible speed)[.]" *Id*.

Kalos states "Carowinds admittedly did nothing to make sure . . . Kalos inspected the Windseeker's wire ropes at a safe distance from the sheaves, to warn him of the hazardous condition, or to operate the Windseeker at the lowest speed possible[.]" *Id*.

As the Court noted in its Order granting summary judgment, however,

> the Court is unable to say Defendants had a duty to implement safety protocols or to warn Kalos of hazards associated with touching the ropes on the Windseeker inasmuch as Kalos has failed to present any

> competent evidence Defendants knew he would actually touch the ropes during his visual inspection of the Windseeker. In other words, Defendants were unaware of the dangerous condition Kalos complains of now. As such, Kalos has failed to establish the duty element of his negligence claim against Defendants.

*Kalos v. Cedar Fair Southwest, Inc.*, No. 0:22-1114-cv-MGL, 2024 WL 1258818, at *6 (March 25, 2024).

And, on the question of Carowinds's failure "to operate the Windseeker at the lowest speed possible[,]" Kalos's Motion at 8, the Court stands by it earlier ruling that, "[a]ll we have here is Kalos saying he would have preferred a slower speed. But, the record lacks any evidence establishing Defendants were negligent in how they controlled the speed for the inspection. *Kalos*, 2024 WL 1258818, at *10.

"Second," Kalos argues, "the Order conflates two separate but related concepts: (1) Kalos' conduct in touching the wire rope, which is the manner in which his work was performed, and (2) the hazardous condition of the sheave apparatus itself, which pre-existed Kalos' inspection and is a permanent condition of the land and the Windseeker's structure." Kalos's Motion at 10.

The Court is unconvinced. But, even if Kalos is correct, "[t]o recover damages for injuries caused by a dangerous or defective condition on [the defendant's premises], [the plaintiff] must show either (1) . . . the injury was caused by a specific act of the [defendant] which created the dangerous condition; or (2) . . . the [defendant] had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Anderson v. Racetrac Petroleum, Inc.*, 371 S.E.2d 530, 531 (S.C. 1988). Kalos has failed to show either.

"Third," Kalos contends, "even if South Carolina law required . . . a landowner have some measure of control over a subcontractor's activities . . . to have a duty to him under a premises liability theory, there is evidence in the record that (1) Carowinds maintained control over where Kalos inspected the apparatus and (2) Carowinds' own actions amplified the hazardous condition." Kalos's Motion at 11.

As stated before, however, Defendants were unaware Kalos was going to touch the ropes in his visual inspection of the ropes on the Windseeker. Thus, again, Kalos is unable to establish (1) . . . the injury was caused by a specific act of the [defendant] which created the dangerous condition; or (2) . . . the [defendant] had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Anderson,* 371 S.E.2d at 531.

### C.	Whether the Court clearly erred in its determination Kalos failed to establish the proximate cause element of his negligence claim against Defendants

Kalos maintains "South Carolina law does not require[ ] . . . a defendant must have foreseen the exact manner in which an injury would occur for its negligence to be a proximate cause of a plaintiff's injuries." Kalos's Motion at 13.

It is well settled law that, "[i]f the actor's conduct is a substantial factor in the harm to another, the fact . . . he neither foresaw nor should have foreseen the extent of harm or the manner in which it occurred does not negative his liability." *Jeffords v. Lesesne*, 541 S.E.2d 847, 851 (S.C. Ct. App. 2000). "It is not necessary . . . the actor must have contemplated or could have anticipated the particular event which occurred." *Id.*

On the question of proximate cause, Kalos states, "[t]he proper analysis was whether the evidence created a reasonable inference that as a result of Carowinds' failure to undertake any precautions, it could foresee . . . an entrant into the Windseeker could touch a wire rope, either accidentally or purposefully, and have his hand drawn into the sheave." Kalos's Motion at 17-18. Assuming, without deciding, this is "[t]he proper analysis[,]" *id*. at 17, the Court answers the question in the negative.

This is so because, given the language of the contract, which called for a visual inspection of the cables on the Windseeker, and the knowledge of Defendants, Kalos is unable to show it was foreseeable he would touch the cables, which was the cause of his injuries.

### D.	Whether the Court clearly erred in stating an unnamed party's negligence lead to Kalos's injury

Fourth, Kalos claims "[t]he Order is in error because it finds . . . negligence of [TechKnow], who is not a party to this action, was the primary proximate cause of Kalos' injury." Kalos Motion at 20.

The Court's comments regarding TechKnow's negligence were merely dicta and were independent from its conclusion Kalos had failed to establish either the duty or proximate cause elements of his negligence claim against Defendants. Kalos's creative arguments to the contrary are unavailing.

### E.  Whether the Court clearly erred in holding Kalos was an invitee of Dynamic Attractions, and not Carowinds, at the time of the accident

Kalos alleges "the Order . . . appears to contain a finding . . . Kalos was an invitee of Dynamic Attractions, and not Carowinds, at the time of the accident." Kalos's Motion at 22. Kalos is mistaken.

The Court clearly stated in the Order, "Generally, the owner of property [Carowinds] owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from the breach of such duty." Kalos, 2024 WL 1258818, at *4 ( quoting *Singleton v. Sherer*, 659 S.E.2d 196, 205 (S.C. Ct. App. 2008)).

\* \* \* \* \*

The rest of Kalos's arguments are so lacking merit to make discussion of them unnecessary.

## V.  CONCLUSION

Consequently, based on the foregoing discussion and analysis, as well as the Court's discussion and analysis in its Order granting Defendants' motion for summary judgment, it is the judgment of the Court Kalos's Rule 59(e) motion to alter or amend judgment is **DENIED**.

**IT IS SO ORDERED**.

Signed this 24th day of March, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE